**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Christopher M Salisbury,

Petitioner,

v.

M. Gutierrez,

Defendant.

No. CV-23-00109-TUC-JAS (MSA)

**REPORT AND RECOMMENDATION**

Petitioner Christopher Salisbury, a federal prisoner, argues that the Federal Bureau of Prisons (BOP) is unlawfully garnishing his inmate trust account. Before the Court are his amended petition for habeas relief under 28 U.S.C. § 2241, his motion for injunctive relief, and his motion for a default judgment. The Court will recommend that all three requests be denied.

### Background

In 2017, Petitioner was convicted of two counts of production of child pornography. (Doc. 16-1 at 6.) He was sentenced to a 720-month term of imprisonment and ordered to pay a $200 special assessment and $250,000 fine. (*Id.* at 7, 10.) The judgment required Petitioner to pay the assessment first but did not specify a payment schedule for the fine. (*Id.* at 11.) No restitution was ordered. (*Id.* at 10.)

Petitioner finished paying the special assessment in March 2019. (*Id.* at 3.) A few months later, he began making quarterly payments of $25 toward the fine. (*Id.*) In mid-December 2022, a case manager reviewed Petitioner's file and noted that he had missed

his last payment. (*Id.*) The case manager also noted that $960.96 had been deposited into Petitioner's account during the prior six months, and that Petitioner's financial plan would thus need to be adjusted. (*Id.*) Two weeks later, Petitioner agreed to an Inmate Financial Plan that provided for quarterly payments of $140 starting in March 2023. (*Id.*)

Petitioner missed his first $140 payment. (*Id.*) The case manager determined that Petitioner could have made the payment, as $889 had been deposited into his account during the previous six months. (*Id.*) Petitioner was thus placed in "refuse" status for failure to comply with his Inmate Financial Plan. (*Id.*) His last payment toward the fine was made in September 2022, and he has a remaining balance of $249,650. (*Id.*)

In February 2023, Petitioner filed a request for administrative relief, contending that the BOP lacks authority to set a schedule for payment of his fine. (Doc. 16-2 at 30.) A few weeks later, he initiated this habeas action, raising the same contention. (Doc. 1.) A few weeks after that, the warden denied the request for administrative relief, explaining that Petitioner had been ordered to pay a fine, and that BOP policy requires inmates to make progress on their fines during their incarceration. (Doc. 16-2 at 29.)

**Discussion**

**I.    The Amended § 2241 Petition**

Petitioner argues that his Inmate Financial Plan is invalid because the BOP lacks authority to set a schedule for payment of his fine. This argument is based on *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). There, the Ninth Circuit Court of Appeals held that "[f]or a restitution order to be lawful, . . . the district court [must] set a [payment] schedule in consideration of the defendant's financial resources"; that a district court impermissibly delegates that obligation when it "simply orders immediate repayment and leaves it to another agency, like the BOP, to actually set the payment schedule"; and that a schedule resulting from such delegation is unenforceable. *Id.* at 1050.

Petitioner argues that *Ward*'s holding applies not only to restitution orders but also to court-ordered fines. In his case, the sentencing court did not specify a payment schedule for his fine. Thus, he argues, the court wrongly delegated that obligation to the BOP, and

his Inmate Financial Plan is unlawful. In response, Respondent contends that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. Respondent also contends that Petitioner's claim fails on the merits.

As discussed below, the Court finds that (A) Petitioner indeed failed to exhaust his administrative remedies, but that failure does not require dismissal because exhaustion would be futile. The Court also finds that (B) Petitioner's claim lacks merit.

**A.    Petitioner's claim is unexhausted, but exhaustion would be futile.**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward*, 678 F.3d at 1045 (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). To exhaust under the BOP's remedy program, an inmate must submit a written request for relief to the warden. 28 C.F.R. § 542.14(a). After the warden denies relief, the inmate must appeal to the regional director and then to the general counsel. *Id.* § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

The record shows that Petitioner failed to exhaust his administrative remedies. He submitted a written request for relief to the warden, which was denied, and he did not appeal that denial to the regional director or the general counsel. (Doc. 16-2 at 6, 29–30.) To properly exhaust a claim, the inmate must use "all steps that the agency holds out." *Woodford v Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Petitioner did not do so here.

The record also shows, however, that his failure to exhaust should be excused. A failure to exhaust is excusable if "further application for administrative remedies would be futile." *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). Futility is established when the initial denial is based on official BOP policy. *Id.* In *Fraley*, for instance, the court held that exhaustion would have been futile because "the Regional Director would almost certainly" have relied on "the same official Bureau of Prisons policy [regarding sentencing credit]" as did the warden. *Id.*; *see Ward*, 678 F.3d at 1046 (reaching

the same conclusion regarding a different policy). In this case, the warden denied relief because Petitioner's criminal judgment requires "payment of [his] criminal monetary penalties . . . during the period of imprisonment," and BOP policy requires inmates to "mak[e] satisfactory progress in meeting his/her financial" obligations. (Doc. 16-2 at 29.) Prior to that, a BOP staff member informed Petitioner that *Ward*'s holding applies only to restitution orders. (*Id.* at 31.) The regional director and general counsel "would almost certainly" have denied relief based on the same policy and application of *Ward*. *Fraley*, 1 F.3d at 925. Therefore, any further appeal would be futile.

Respondent's arguments to the contrary are not persuasive. Respondent argues that Petitioner could potentially obtain administrative relief because the BOP's "approach to restitution orders with respect to *Ward v. Chavez*[] is not indicative of its approach to the payment of fines." In addition, Respondent says, "[inmate] financial plans are individualized and intended to be commensurate with the inmate's ability to pay," so Petitioner can try to negotiate a plan that better suits his ability to pay.

These arguments miss the mark. Petitioner's claim is that *Ward*'s holding applies to fines, so it makes little sense to say that exhaustion might be fruitful because *Ward*'s holding does not apply to fines. Similarly, because Petitioner argues that the BOP cannot lawfully set a payment plan, it cannot be said that exhaustion might be fruitful because the BOP could offer a plan more favorable to Petitioner. As such, Petitioner's failure to exhaust should be excused.

**B.    Petitioner's claim lacks merit.**

In this circuit, it is well-established that the scheduling of fine payments may be delegated to the BOP. *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (per curiam); *see United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) (describing *Montano-Figueroa* as holding that "scheduling of fine payments could be delegated"). *Ward*, the case on which Petitioner relies, concerned court-ordered restitution, not a court-ordered fine. 678 F.3d at 1052. This distinction is meaningful. *See Gunning*, 401 F.3d at 1150 (noting that the restitution statute, which expressly requires the district court to set a

payment schedule, "does not speak to fines at all"); *Vondette v. Fox*, 615 F. App'x 445, 446 (9th Cir. 2015) (holding that *Montano-Figueroa* "foreclosed" the petitioner's argument "that the sentencing court was prohibited from delegating to the [BOP] the task of establishing the time and manner in which he was required to pay his court-imposed fines," and that the cases "prohibit[ing] the delegation of restitution payment schedules[ were] inapposite"). Consequently, *Ward* is inapposite, and Petitioner is not entitled to relief.

**II.      The Motion for Injunctive Relief**

Petitioner requests an injunction requiring the BOP to stop its collection efforts and to return all previously collected funds with interest. To obtain such relief, he must succeed on the merits of his petition for habeas relief. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019) (per curiam) (quoting *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*, 730 F.3d 1024, 1032 (9th Cir. 2013)). As discussed above, his request for habeas relief lacks merit. Therefore, he is not entitled to injunctive relief.

**III.     The Motion for a Default Judgment**

Plaintiff contends that he is entitled to a default judgment because Respondent failed to answer in a timely manner. This contention is legally and factually meritless. It is legally meritless because the Ninth Circuit has held that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). It is factually meritless because Respondent filed a timely response. Respondent was served on May 12, 2023, so the answer deadline was June 1 (20 days later). Respondent filed the response on May 31, one day before the deadline. Therefore, Petitioner is not entitled to a default judgment.

### Conclusion

The Court **recommends** that the amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 6) be **denied** and **dismissed with prejudice**. The Court **further recommends** that the motion for injunctive relief (Doc. 3) and motion for a default judgment (Doc. 19) be **denied**.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. The parties have 14 days from the date of service of this recommendation to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies absent the district court's permission. The failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Clerk of Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-23-00109-TUC-JAS**.

Dated this 17th day of July, 2023.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

- 6 -